1

2

3

4

5

6            **UNITED STATES DISTRICT COURT**

7            **SOUTHERN DISTRICT OF CALIFORNIA**

8

9    JOSHUA KOTTLE,                           CASE NO. 13-CV-161-H-BGS

10                          Plaintiff,        **ORDER GRANTING**
                                              **DEFENDANTS' MOTION TO**
11        vs.                                 **DISMISS UNDER RULE**
                                              **12(b)(6); and**
12   LAW OFFICES OF PATENAUDE &
     FELIX A.P.C; RESURGENCE                  **ORDER GRANTING LEAVE**
13   FINANCIAL LLC; and DOES 1 - 10,          **TO AMEND**

14                          Defendants.

15

16

17        On April 8, 2013, Defendant Law Offices of Patenaude & Felix A.P.C. ("P&F")

18   filed a motion to dismiss Plaintiff's first amended complaint.  (Doc. No. 10.)  In

19   addition, P&F filed a request that this Court take judicial notice of certain documents

20   filed in the underlying dispute between the parties in California state court.  (Doc. No.

21   10-1.)  On May 6, 2013, Plaintiff filed an opposition to P&F's motion to dismiss and

22   objections to P&F's request for judicial notice.  (Doc. Nos. 11, 12.)  P&F filed a reply

23   on May 10, 2013.  (Doc. No. 13.)  Pursuant to the Court's discretion under Local Civil

24   Rule 7.1(d)(1), the Court concludes that P&F's motion is capable of resolution without

25   oral argument and therefore vacates the hearing scheduled for May 20, 2013.

26                              **Background**

27        On August 23, 2007, Defendants Resurgence Financial LLC and P&F filed a

28   lawsuit in California state court against Plaintiff to collect a debt.  (Doc. No. 7 ("First

- 1 -

1  Amend. Compl.") ¶ 19.)   In that case, Defendants allege Plaintiff defaulted on an

2  account with Citibank.  (Id.)  Defendants obtained a default judgment.  (Id. ¶ 24.)

3  Plaintiff later contested service and on November 21, 2012, the court set aside the

4  default judgment.  (Id. Ex. A.)

5         On March 17, 2013, Plaintiff filed a first amended complaint in this Court against

6  Defendants alleging causes of action under the Fair Debt Collection Practices Act

7  ("FDCPA") and the California Fair Debt Collection Practices Act ("Rosenthal Act" or

8  "RFDCPA").  (Id.)

9                                    **Discussion**

10 **I.      Request for Judicial Notice**

11        Rule 201(b) of the Federal Rules of Evidence allows a court to take judicial

12 notice of facts that are not subject to reasonable dispute because either the fact is

13 "generally known within the trial court's territorial jurisdiction; or can be accurately

14 and readily determined from sources whose accuracy cannot reasonably be questioned."

15 A court "may take judicial notice at any stage of the proceeding."  Fed. R. Evid. 201(d).

16 Courts routinely take judicial notice of documents filed on public court dockets under

17 Rule 201(b).  See Porter v. Ollison, 620 F.3d 952, 954-55 n.1 (9th Cir. 2010) ("Judicial

18 notice is taken of court dockets in the state court proceedings."); Qualcomm, Inc. v.

19 Motorola, Inc., 185 F.R.D. 285, 286 nn.2-3 (S.D. Cal. 1999).

20        P&F requests that the Court take judicial notice of documents filed in the

21 underlying state court litigation:  P&F's complaint against Plaintiff; the state court's

22 minute order setting aside default judgment; P&F's motion for reconsideration; and

23 Plaintiff's answer.  (Doc. No. 10-1, Exs. A-D.)  Because these documents are part of the

24 state court docket, the Court grants P&F's request to take judicial notice of all four

25 documents.  Porter, 620 F.3d at 954-55 n.1.

26 **II.     Motion to Dismiss**

27        A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the

28 pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has

1  failed to state a claim upon which relief may be granted.  See Navarro v. Block, 250

2  F.3d 729, 732 (9th Cir. 2001).  Federal Rule of Civil Procedure 8(a)(2) requires that a

3  pleading stating a claim for relief contain "a short and plain statement of the claim

4  showing that the pleader is entitled to relief."  The function of this pleading requirement

5  is to "give the defendant fair notice of what the . . . claim is and the grounds upon which

6  it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

7       The court may dismiss a complaint as a matter of law for: (1) "lack of cognizable

8  legal theory," or (2) "insufficient facts under a cognizable legal claim."  SmileCare

9  Dental Grp. v. Delta Dental Plan of Cal., 88 F.3d 780, 783 (9th Cir. 1996) (citation

10  omitted).  A complaint survives a motion to dismiss only if it contains "enough facts to

11  state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 555, 570

12  ("Factual allegations must be enough to raise a right to relief above the speculative

13  level.")  The reviewing court need not accept "legal conclusions" as true.  Ashcroft v.

14  Iqbal, 556 U.S. 662, 678 (2009).  It is also improper for the court to assume "the

15  [plaintiff] can prove facts that [he or she] has not alleged."  Associated Gen. Contractors

16  of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).  On the

17  other hand, "[w]hen there are well-pleaded factual allegations, a court should assume

18  their veracity and then determine whether they plausibly give rise to an entitlement to

19  relief."  Iqbal, 556 U.S. at 679.  A district court may "consider certain

20  materials–documents attached to the complaint, documents incorporated by reference

21  in the complaint, or matters of judicial notice–without converting the motion to dismiss

22  into a motion for summary judgment."  U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir.

23  2003).  A district court should grant leave to amend even if no request is made, unless

24  the court concludes that the pleading could not possibly be cured by the allegations of

25  other facts.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

26       P&F argues that Plaintiff's claims are barred by the relevant statutes of

27  limitations and that Plaintiff's first amended complaint fails to state a plausible claim

28  for relief.

## A.    Statute of Limitations

A plaintiff may bring an FDCPA claim "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).  Similarly, a plaintiff may bring an RFDCPA claim "within one year from the date of the occurrence of the violation."  Cal. Civ. Code § 1788.30(f).  Because neither statute of limitations is jurisdictional in nature, both one-year limitations periods are subject to equitable tolling.  See Mangum v. Action Collection Service, Inc., 575 F.3d 935, 941 (9th Cir. 2009).  Under the doctrine of equitable tolling, the statute of limitations begins to run on the date that the plaintiff discovered or could have discovered the violation.  Mangum, 575 F.3d at 941.

Plaintiff alleges that he first became aware of the default judgment in June 2012. (First Amend. Compl. ¶¶ 25-27.)  Yet, Plaintiff does not allege that he could not have discovered the default judgment or the proof of service prior to June 2012.  Indeed, the default judgment order was a matter of public record.  See, e.g., Tanasescu v. State Bar of California, Case No. 11-700, 2012 WL 1401294, at *3 n.6 (C.D. Cal. Mar. 26, 2012) ("A case docket is a public record.") Gibson v. Beer, Case No. 03-5445, 2008 WL 4057597, at *1 (E.D. Cal. Aug. 29, 2008) ("Court dockets are a matter of public record.")  As such, Plaintiff has not sufficiently alleged that he could not have discovered P&F's conduct prior to June 2012.  Accordingly, the Court dismisses Plaintiff's claims relating to the alleged fraudulent service and default judgment as untimely.  15 U.S.C. § 1692k(d); Cal. Civ. Code § 1788.30(f); Mangum, 575 F.3d at 941.

## B.    FDCPA and RDCPA Claims

Plaintiff alleges that Defendants' conduct violated sections 1692d, 1692e, 1692e(5), 1692e(10), and 1692f of the FDCPA.[1]  (First Amend. Compl. ¶ 40.)  Sections

---

[1]Plaintiff states that Defendants' conduct constitute numerous and multiple violations of the FDCPA "including but not limited to the violations: § 1692d, 1692e, 1692e(5), 1692e(10), and 1692f, amongst others."  (First Amend. Compl. ¶ 40.) Because the "amongst others" language fails to put Defendants on notice of the other claims being asserted of them, the Court concludes that Plaintiff has failed to allege FDCPA violations based on certain statutory provisions not specifically listed in the

1  1692d and 1692e of the FDCPA prohibit a debt collector from engaging in harassing,

2  oppressive, or abusive conduct and from using false, deceptive or misleading

3  representations in connection with the collection of a debt.  Sections 1692e(5) and -

4  e(10) specifically prohibit "threat[ening] to take any action that cannot legally be taken

5  or that is not intended to be taken" and "us[ing] of any false representation or deceptive

6  means to collect or attempt to collect any debt or to obtain information concerning a

7  consumer."  Section 1692f prohibits the use of "unfair or unconscionable means to

8  collect or attempt to collect any debt."  The FDCPA is a strict liability statute.  15

9  U.S.C. § 1692k(c).  Violations of sections 1692b-j of the FDCPA are independent

10  violations of the Rosenthal Act.  Cal. Civ. Code § 1788.17.  The Rosenthal Act is

11  similarly a strict liability statute.  Id. § 1788.30(a).

12  An allegedly false or misleading representation is not actionable under the

13  FDCPA unless it is material.  Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033 (9th

14  Cir. 2010).  A representation is material if "the least sophisticated debtor would likely

15  be misled by a communication."  Id.  The materiality requirement is "not concerned

16  with mere technical falsehoods that mislead no one, but instead with genuinely

17  misleading statements that may frustrate a consumer's ability to intelligently choose his

18  or her response."  Id. at 1034.

19  Plaintiff's first amended complaint lacks sufficient factual allegations to

20  withstand a 12(b)(6) motion to dismiss.  Plaintiff's remaining claims relate to three

21  phone calls initiated by Plaintiff in which an employee told Plaintiff (1) that service of

22  process was proper; (2) that the court would set aside the default judgment; (3) that the

23  court determined Plaintiff owed the judgment amount; and (4) that the Defendants

24  would not agree to set aside the default judgment.  (First Amend. Compl. ¶¶ 31-36.)

25  The second, third, and fourth statements are not false or materially misleading as the

26  state court did enter default judgment requiring Plaintiff to pay the specified amount;

27

28  first amended complaint.  See, e.g., Fortaleza v. PNC Financial Services Group, Inc., 642 F. Supp. 2d 1012, 1019-20 (N.D. Cal. 2009); Winter v. Chevy Chase Bank, Case No. 09-3187, 2009 WL 3517619, at *5 (N.D. Cal. Oct. 26, 2009).

1  the state court did set aside the default judgment; and Defendants are contesting the

2  state court decision to set aside the default judgment. (Id. ¶ 38; Doc. No. 10-1, Exs. B,

3  C.) Additionally, the allegations do not rise to the level of a material misrepresentation.

4  Donohue, 592 F.3d at 1033. Plaintiff set aside the default judgment. (First Amend.

5  Compl. ¶ 38.) Thus, the statements did not frustrate Plaintiff's ability to respond.

6  Donohue, 592 F.3d at 1034. Finally, Plaintiff's conclusory allegation that one of

7  Defendants' employees shouted at Plaintiff and "proceeded to unfairly and aggressively

8  attack Plaintiff" is insufficient to state a plausible FDCPA or RFDCPA violation. Iqbal,

9  556 U.S. at 678; Twombly, 550 U.S. at 555, 570. Accordingly, the Court grants P&F's

10 motion to dismiss Plaintiff's first amended complaint for failure to state a claim under

11 12(b)(6).[2]

12                                    **Conclusion**

13        For the foregoing reasons, the Court grants P&F's motion to dismiss under Rule

14 12(b)(6) without prejudice. The Court grants Plaintiff thirty (30) days from the date of

15 this order to file an amended complaint with additional allegations to cure the

16 deficiencies in the first amended complaint, if he can do so.

17

18        **IT IS SO ORDERED**.

19 DATED: May 16, 2013

20        _____

21        MARILYN L. HUFF, District Judge
          UNITED STATES DISTRICT COURT

22

23

24

25

---

26        [2]P&F also moved to dismiss Plaintiff's first amended complaint on ripeness and
   mootness grounds. The Court concludes that Plaintiff's claims are ripe and not moot,
27 Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1141-42 (9th Cir. 2000)
   (en banc); American Rivers v. Nat'l Marine Fisheries Service, 126 F.3d 1118, 1123 (9th
28 Cir. 1997), but the Court reserves the right to reconsider that decision at a later date.
   Fed. R. Civ. P. 12(h)(3).